UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| *KELLY LEWIS, Individually and on behalf of the Heirs at Law of JOHN SHY, deceased,*<br><br>Plaintiff,<br><br>v.<br><br>*SAINT LOUIS COUNTY, MISSOURI, JULIA MURPHY f/k/a JULIA CHILDREY, CAPTAIN MYRA PERRY, C.O. JOSHUA RIDEOUT, C.O. EVIN HARRY, C.O. SEAN McMAHAN, C.O. JUAN MORALES, C.O. MARK BARBEAU, KELLY WILKINS, NP, JANET DUWE, RN, GAIL MURPHY, RN, TERRI WATSON, RN, KATIE CORA, RN, CONNIE HEITMAN, RN, and ASSIGNMENT AMERICA, LLC d/b/a MEDICAL STAFFING NETWORK,*<br><br>Defendants,<br><br>v.<br><br>*SSM HEALTH CARE CORPORATION, d/b/a ST. MARY'S HOSPITAL, and NEAL M. MANGALAT, MD,*<br><br>Third-Party Defendants. | Case No. 4:19-cv-02917-SRC |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TERRI WATSON'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT**

**INTRODUCTION**

Plaintiff Kelly Lewis ("Plaintiff") filed a four-count Complaint on October 25, 2019, against St. Louis County, Missouri, and 13 individual defendants based on alleged violations of decedent John Shy's constitutional rights under the Eighth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §§ 1983 and 1988, the Missouri Constitution, and

14481479.v1

Missouri's negligence, negligent supervision, negligent training, negligent retention, and wrongful death laws. On November 4, 2020, Plaintiff filed her First Amended Complaint (the "Complaint") adding corporate defendant Assignment America d/b/a Medical Staffing Network ("MSN") and amending by interlineation Julia Murphy f/k/a Julia Childrey.

As the Complaint currently stands, Plaintiff cannot demonstrate in Count 2 that Defendant Terri Watson ("Watson") violated the decedent's Constitutional rights pursuant to 42 U.S.C. § 1988. In violation of Federal Rules of Civil Procedure 8(a) and 12(b)(6), Plaintiff fails to allege sufficient facts to state a claim and instead asserts broad, legal conclusions. Moreover, Defendant Watson is not a "jailer" and, therefore, is not liable under R.S.Mo. § 221.120 for the allegations contained in Count 3 of the Complaint. Consequently, this Court should dismiss counts 2 and 3 of Plaintiff's First Amended Complaint with respect to Defendant Watson.

## ARGUMENT

**I.     Count 2 should be dismissed because Plaintiff has not pled sufficient facts to impose liability upon Defendant Watson for the alleged violations of 42 U.S.C. § 1988.**

It is unclear whether Count 2 is directed to Defendant Watson since Plaintiff pleads her allegations against all defendants together. For example, Plaintiff broadly asserts, "Defendants deliberately disregarded Mr. Shy's objectively serious medical needs and failed to provide medical care to maintain his health." [Doc. 77 at ¶ 135]. Count 2 is void of substance and fails to comply with the fact pleading requirements that a petition sets forth "a short and plain statement of the facts showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Similarly, in *Ascroft*, the United States Supreme Court held the plaintiff detainee's complaint failed to plead sufficient facts to state claim for purposeful and unlawful discrimination. *Ascroft*, 556 US at 683. The Court explained Rule 8 "does not unlock the doors

of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face.  *Id.* at 678.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id.*  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  *Id.* at 679.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Id.*

Unlike the numerous claims directed to co-Defendants St. Louis County, Missouri, Julia Murphy, and Captain Myra Perry, Plaintiff has only referenced Defendant Watson once. Concerning Defendant Watson, Plaintiff Lewis' Complaint contains the following one-time reference: "Defendants Rideout, Harry, McMahan, Morales, Barbeau, Wilkins, Duwe, Murphy, Watson, Cora and Heitman were inadequately trained and supervised by Defendants St. Louis County and Medical Staffing Network."  [Doc. 77 at ¶ 150].  As the Court will undoubtedly see, Plaintiff wholly fails to allege Defendant Watson possessed any supervisory authority or responsibility over anyone, and instead alleges she was the one being supervised by others.  Even if Plaintiff had alleged supervisory authority or responsibility on the part of Defendant Watson, a supervisor's liability for alleged violations of a plaintiff's constitutional rights arises when he fails "to properly supervise and train the offending employee . . . and was deliberately indifferent to or tacitly authorized the offending acts. This requires a showing that the supervisor had notice

3

that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001).

In *Perry v. St. Francois County*, an insulin-dependent diabetic, was arrested and taken to the St. Francois County Jail where he was detained for twenty-four hours. 2020 WL 6703293, at *1 (E.D.M.O. November 13, 2020). The plaintiff told jailers he had a broken leg, but despite this injury, he was not seen by the nurse or the primary care physician for the jail. *Id.* Moreover, the jailers did not take him to the hospital and improperly administered inaccurate doses of insulin after receiving instruction from the nurse. *Id.* In Count 2, the plaintiff claimed the primary care physician as well as the St. Francois County sheriff and jail employees acted pursuant to custom and policy in their failure to train jail employees and adequately staff the jail on weekends and evenings to provide detainees access to medical care. *Id.* The defendant physician moved to dismiss under Rule 12(b)(6) for failure to state a claim. *Id.*

The court noted the plaintiff did not allege the defendant physician was an employee of St. Francois County or had authority to establish policy at the government-run facility. *Id.* at *2. Supervisory liability cannot be imposed on one who does not have supervisory authority over the alleged violator. *Id.* Because the complaint did not claim the physician had any authority over the County employees who allegedly deprived the plaintiff of his constitutional rights, the supervisory liability claim failed. *Id.*

As a Registered Nurse employed by co-Defendant MSN, Defendant Watson did not have authority to create or implement jail policies. Neither did Defendant Watson possess supervisory authority to supervise or train the alleged violators concerning the decedent's constitutional rights, and Plaintiff has not alleged factual support to indicate otherwise. Plaintiff's complaint is completely devoid of any factual allegations to demonstrate that Defendant Watson, in a

supervisory role, acted with deliberate indifference, authorized the alleged offending acts, or failed to properly supervise and train the defendants who allegedly caused the deprivation of constitutional rights.

Count 2 of Plaintiff's First Amended Complaint, which offers labels and conclusions, formulaic recitation of elements of a cause of action, and naked assertions devoid of further factual enhancement, will not do. *Ashcroft*, 556 US at 678; *see also* Fed. R. Civ. P. 8(a). In order to adequately defend the claims against it, Defendant Watson must know what particular alleged acts or omissions committed by her constitute the basis of Count 2. Here, the only acts pled are against others for allegedly failing to adequately train and supervise Defendant Watson. Accordingly, Count 2 should be dismissed as to Defendant Watson because Plaintiff has failed to allege sufficient facts to state a claim as required by the Federal Rules of Civil Procedure.

## II. Count 3 should be dismissed because Defendant Watson is not a "jailer" under R.S.Mo. § 221.120.

At all relevant times hereto, Defendant Watson did not constitute a *jailer* as described by the statute relied on by Plaintiff. The relevant statute provides, "If any prisoner confined in the county jail is sick and in the judgment of the jailer, requires the attention of a physician, dental care, or medicine, the jailer shall procure the necessary . . . medical attention necessary or proper to maintain the health of the prisoner." R.S.Mo. § 221.120(1). The sheriff shall have the custody, rule, keeping and charge of the jail and of all the prisoners in such jail, and may appoint a jailer under him for whose conduct he is responsible. R.S.Mo. § 221.020.

In *Jones v. Houser*, the plaintiff's complaint alleged he was incarcerated in the Pemiscot County Jail where he allegedly fell from a bunk in his cell and severely injured his back. 489 F.Supp. 795, 796 (E.D.M.O. 1980). He claimed his requests for aid were ignored for almost two days, and the inaction of the jailers largely contributed to the seriousness of his condition. *Id.*

5

Named as defendants were the Sheriff, the Sheriff's deputies, the judges of the Pemiscot County Court, and Pemiscot County. *Id.* Count III alleged that as judges these defendants were responsible for ensuring that prisoners received adequate medical care while in the custody of the County Jail, and that their failure in this responsibility contributed to plaintiff's injuries. *Id.*

The Court opined otherwise and held pursuant to the relevant statutes, "the responsibility for care of the prisoners appears to fall squarely on the shoulders of the county Sheriff," who under § 221.020 and § 221.120 has custody of all persons in the jail and is responsible to procure medical care for any prisoner in need. *Id.* at 798; *see also Tatum v. Houser*, 480 F.Supp.683, 686 (E.D.M.O. 1979). Because the responsibility of providing medical treatment rested with the Sheriff, the court could find no authority to hold persons with no authority over the jail's internal operations liable for the harms allegedly inflicted upon plaintiff. *Id.*

Defendant Watson does not constitute a *jailer* under the statute and as described by applicable case law. Courts have repeatedly made a point to distinguish jailers from healthcare entities and healthcare workers hired to staff county jails. In *Ahrens v. Thomas*, the court stated, "There has never been any substantial dispute about most of the relevant and material factual circumstances of this case." 434 F.Supp. 873, 880 (W.D.M.O. 1977). The court then outlined the facts that required no proof and which included the following: "A prisoner notifies the *jailer* when he desires to see a doctor; and *the jailer, a person with no medical training*, decides what action is appropriate for any particular case." *Id.* Emphasis added.

Likewise, in *Perry v. St. Francois County*, the opinion consistently differentiates between defendant jailers and medical personnel. 2020 WL 6703293, at *1 (E.D.M.O November 13, 2020). Plaintiff told his jailers that he had a broken leg and could not walk. *Id.* Despite this injury, Plaintiff was not seen by the jail nurse or primary care physician for the jail. *Id.* Nor did

the jailers contact the physician about Plaintiff's condition or take Plaintiff to the hospital. *Id.* Moreover, jailers gave Perry inaccurate and improperly administered doses of insulin after they consulted with and received instruction from the jail nurse. *Id.* Finally, *Pool v. Sebastian County, Ark*, also contains the same distinguishing terms. 418 F.3d 934, 936-38 (8th Cir. 2005) In *Pool*, the plaintiff filed suit against Defendants Sebastian County, a licensed practical nurse, a registered nurse, and various John and Jane Doe jailers for a miscarriage she suffered after asking jailers during the booking process to be seen by a nurse. *Id.*

Based on the foregoing, it is clear case law distinguishes jailers from the medical care providers hired to work in correctional facilities. Defendant Watson was employed by co-Defendant MSN and merely provided medical assistance to detainees in the jail. Defendant Watson did not have custody, rule, or charge of the jail or of the prisoners in the jail. Moreover, she had not been appointed as a jailer as authorized by § 221.020 and had no authority over the jail's internal operations. Pursuant to the statute's plain language and pertinent Missouri case law analyzing same, Plaintiff cannot demonstrate that she is entitled to relief for the allegations asserted in Count 3 in that Defendant Watson is not a jailer. Therefore, Defendant respectfully requests this Court dismiss Count 3 of Plaintiff's Complaint for failure to state a claim against it.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Counts 2 and 3 of Plaintiff's First Amended Complaint as to Defendant Watson.

          Respectfully submitted,

          SANDBERG PHOENIX & von GONTARD P.C.

By:   */s/ Rodney M. Sharp*
       Rodney M. Sharp, #36521MO
       Abbey A. Fritz, #68510MO
       Tosha M. Childs, #71838MO
       600 Washington Avenue - 15th Floor
       St. Louis, MO  63101-1313
       314-231-3332
       314-241-7604 (Fax)
       rsharp@sandbergphoenix.com
       afritz@sandbergphoenix.com
       tchilds@sandbergphoenix.com

*Attorneys for Defendants Terri Watson, RN and Assignment America, LLC d/b/a Medical Staffing Network*

## Certificate of Service

I hereby certify that on this the 31st day of December 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Lauren Perkins Allen
Lauren Allen, LLC
lpa@laurenallenllc.com

Michael J. Sudekum
Mandel & Mandel, LLP
mike@mandelmandel.com
*Attorneys for Plaintiff*

Catherine M. Robertson
Linda Levin
St. Louis County Counselor's Office
crobertson@stlouisco.com
llevin@stlouisco.com
*Attorneys for Defendants Saint Louis County, Missouri, Mark Barbeau, Julia Murphy f/k/a Julia Childrey, Evin Harry, Sean McMahan, Juan Morales, Myra Perry, and Joshua Rideout*

8

14481479.v1

James W. Childress
Nicholas J. Childress
Craig R. Klotz
Childress Alheim Carey LLC
jchildress@jchildresslaw.com
Nchildress@jchildresslaw.com
cklotz@jchildresslaw.com
*Attorneys for Defendants Kelly Wilkins, NP;*
*Janet Duwe, RN, Katie Cora, RN, and Connie Heitman, RN*

C. Zachary Vaughn
Gregory D. Debeer
Wiedner & McAuliffe, Ltd.
czvaughn@wmlaw.com
gddebeer@wmlaw.com
jholmes@wmlaw.com
*Attorneys for Defendant Gail Murphy*

Mandy J. Kamykowski
Ryan J. Gavin
Michael C. Schroeder
Kamykowski, Gavin & Smith, P.C.
Mandy@kgslawfirm.com
Ryan@kgslawfirm.com
Michael@kgslawfirm.com
*Attorneys for Third-Party Defendant*
*Neal M. Mangalat, M.D.*

                                                                  */s/ Rodney M. Sharp*

14481479.v1